UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re) Case No. 20-13667-B-7
)
**JAMES EDWARD MASSICOTTE,**)
)
Debtor.)
)

# ORDER DENYING DEBTOR'S EX PARTE REQUEST TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 7 CASE

　　James Edward Massicotte ("Debtor") filed a letter ("Ex Parte Request") on March 19, 2021 asking the court to vacate a prior order of dismissal and reinstate his chapter 7 case.

　　This bankruptcy case was filed on November 20, 2020 (Doc. #1). Debtor was not represented by an attorney. On December 29, 2020, the Chapter 7 Trustee filed a Report at § 341(a) Meeting of Creditors, stating the Debtor appeared and continued the meeting to February 2, 2021 at 2:00 p.m.

　　On February 2, 2021, the Chapter 7 Trustee filed a Report at § 341(a) Meeting of Creditors, stating the Debtor failed to appear at the continued meeting. On that same date, the Trustee filed a motion to dismiss case for Debtor's failure to appear at the continued § 341(a) Meeting of Creditors (Doc. #29). A notice of trustee's motion to dismiss was served on the Debtor on February 4, 2021 (Doc. #30), instructing Debtor to respond "no later than 14 days before the hearing date" which was set to be heard before the court on March 9, 2021 at 1:30 p.m. Debtor filed a response on February 25, 2020 (Doc. #34), which was two

1

days late, indicating that he had not received any notice of the continued § 341 meeting. Debtor filed a second response on March 4, 2021 (Doc. #40), which the court deemed to be a duplicate of the previously filed response. So, the court struck the second response from the record by order on March 10, 2021 (Doc. #48).

Debtor failed to appear at the hearing on the Trustee's motion to dismiss which the court heard on March 9, 2021 at 1:30 p.m. and the case was dismissed (Doc. #48).

For the reasons set forth below, the Ex Parte Request will be denied.

Debtor does not give a reason as to why he missed the hearing on the Trustee's motion to dismiss set on the Court's calendar for March 9, 2021. He does state that he connected "to the hearing on March 12th," but that was 3 days after the Court held the hearing on the Trustee's Motion to Dismiss. Debtor may be referring to his continued § 341 meeting that was previously continued to March 11, 2021, but again, he would have been 1 day late for the § 341 meeting.

Debtor has not provided a reason that is a legal basis for relief from the dismissal order pursuant to Federal Rule of Civil Procedure 60 made applicable to bankruptcy matters by Federal Rule of Bankruptcy Procedure 9024. The court is mindful of the sometimes-confusing procedures connected with a court case.

But the Debtor filed the Bankruptcy case and must comply with the rules and procedures that are applicable to all who file cases with the court.

Based thereon,

IT IS HEREBY ORDERED that the Ex Parte Request is DENIED. This case shall remain dismissed without prejudice to the Debtor's right to file a new case.

Dated: Mar 24, 2021

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__ , via the U.S. mail.

James Edward Massicotte
635 Barstow Ave 26
Clovis CA 93612

David M. Sousa
4112 S Demaree St
Visalia CA 93277

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721